# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 21, 2007

131987

DAWN MARIE MILLER,
        Plaintiff-Appellant,

and

DEPARTMENT OF COMMUNITY HEALTH,
        Intervening Plaintiff,

v

PROGRESSIVE CORPORATION,
PROGRESSIVE CASUALTY INSURANCE
COMPANY, PROGRESSIVE CLASSIC
INSURANCE COMPANY, and PROGRESSIVE
MICHIGAN INSURANCE COMPANY,
        Defendants,

and

CITIZENS INSURANCE COMPANY OF
AMERICA,
        Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131987
COA: 259504
Washtenaw CC: 02-000284-NF

_____/

On November 7, 2007, the Court heard oral argument on the application for leave to appeal the July 20, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., concurs and states as follows:

"[T]he person named in the policy" may be entitled to personal protection insurance benefits under the no-fault act. MCL 500.3114(1). Plaintiff contends that she is "the person named in the policy" in which her parents are the named insureds because

she is listed as an occasional driver on the declarations sheet, and the policy states that the "Declarations, endorsements and application are hereby incorporated into and made a part of this policy." However, the following statement immediately precedes the portion of the declarations sheet that lists plaintiff as an occasional driver: "Your Policy Premium Is Based On The Following Information Which Is Not Part Of The Policy." Therefore, it is clear that the portion of the declarations sheet that lists plaintiff as an occasional driver is *not* part of the policy, and thus plaintiff is *not* "the person named in the policy." Because plaintiff is *not* "the person named in the policy," it is unnecessary to address whether it is possible for a person who is not a named insured in the policy to be "the person named in the policy" under MCL 500.3114(1). For these reasons, I concur in this Court's order denying leave to appeal.

WEAVER, J., dissents and states as follows:

I dissent from the majority's denial of leave to appeal in this case. I would grant leave to appeal to consider whether plaintiff can recover personal injury protection benefits from the defendant pursuant to the insurance policy and the plain language MCL 500.3114(1) of the no-fault act.

MCL 500.3114(1) states that a "person named in the [automobile insurance] policy" is entitled to personal injury protection benefits. Plaintiff in this case is a nonresident child of the policy owners and is listed as an occasional driver on the policy declarations page. The insurance policy has a clause incorporating the declarations page as part of the policy. The issue in this case is whether MCL 500.3114(1) requires that the insurance company provide personal injury protection coverage for a person who is named in the policy but is not a named insured.

The question presented in this case is a jurisprudentially significant one for no-fault insurance litigants, and I would grant leave to appeal for consideration of this issue.

CAVANAGH and KELLY, JJ., join the statement of WEAVER, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 21, 2007

*Corbin R. Davis*
Clerk

p1218